The Chancellor.
I do not see that there can be any doubt as to the correct construction of this will.
1st. The testator directs his debts to be paid out of his real estate.
2d. He bequeaths to his wife all his personal property. 3d. He devises to his wife the one-third of his real estate.
4th. He devises to his brother the residue of his real estate, charging such residue with the payment of |300 to the testator’s brother and two sisters.
The bill contends that the wife is entitled to one-third of the real estate, not chargeable with any of the debts; or, in other words, that all the debts are chargeable upon *318 that portion of the real estate given by the testator to his brother. But I do not see how this construction can be put upon it. The debts are first made chargeable upon the real estate, and then'the real estate is disposed of. There must be something in the character of the different devises of the real estate to make the burthen fall upon one devisee alone. There are but two devises, and they embrace all the real estate of the testator; and there is no difference as to the character of the devises. They are both specific devises, although one of them is a residuary devise. (See cases to notes, 2 Jarm. 548.) A quere is made in this note, whether this doctrine prevails in reference to wills made since the statute regulating the disposition of after acquired lands. . But there can he no diffi-' culty under our statute, upon that point, in its application to this will. If the testator had acquired lands after the making of this will, it would have been included as well in the special devise to the wife, as in the general devise to the brother, that is, one-third of it would have gone to the wife, and two-thirds to the brother.
The hardship upon the widow, in this particular case, can have no influence in giving a construction to the will. The estate manifestly had turned out very differently from what was anticipated by the testator when he made his will. But the will cannot be altered by the court to suit the circumstances of the case.
The money in the hands of the executors must be distributed by giving one-third to the complainant, and the residue to the defendant.